**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5188**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MARVIN O'BRIAN MADDOX, a/k/a O'Brian Maddox, a/k/a O'Brien
Maddox, a/k/a O'Brien Marvin Maddox,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00152-PMD-1)

_____

Submitted:  July 14, 2011          Decided:  July 26, 2011

_____

Before KING, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Gordon Baker, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Sean Kittrell, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin O'Brian Maddox pleaded guilty without the benefit of a plea agreement to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to ninety-six months' imprisonment. The sole issue presented on appeal is whether, for purposes of a four-level sentence enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2010), Maddox's possession of a firearm was "in connection with" another felony offense. We affirm.

In assessing a sentencing court's application of the Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). A district court may apply a sentencing enhancement if it is supported by a preponderance of the evidence. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011), petition for cert. filed, 79 U.S.L.W. 3712 (U.S. June 6, 2011) (No. 10-1473).

The Guidelines allow for a four-level increase of a defendant's offense level where "the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6). A firearm is possessed in connection with another offense if the firearm "facilitated, or

2

had the potential of facilitating," the other offense. USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009) (internal quotation marks, citations, and alterations omitted). The Guidelines provide that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." USSG § 2K2.1 cmt. n.14(B). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Jenkins, 566 F.3d at 163 (internal quotation marks omitted).

Here, Maddox admitted that the firearm was his. The crack was recovered in close proximity to Maddox's firearm, at his feet on the floorboard of the driver's side of the vehicle Maddox had been driving and from which he had fled when law enforcement officers attempted to effect a traffic stop. As the district court noted, an interpretation of these facts in which the firearm was not connected to the crack strains credulity. We therefore conclude that the district court's finding that the firearm's presence was not due to accident or coincidence, and

3

that application of the enhancement was appropriate, was not clearly erroneous.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED