FILED
United States Court of Appeals
Tenth Circuit

May 30, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CODY M. JUSTICE,

Defendant - Appellant.

No. 11-3208

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 2:11-CR-20012-KHV-1)**

---

Submitted on the briefs:[*]

Michael L. Harris, Assistant Federal Public Defender, (Cyd Gilman, Federal Public Defender, with him on the brief), Kansas City, Kansas, for Defendant - Appellant.

Leon Patton, Assistant United States Attorney, (Barry R. Grissom, with him on the brief), Kansas City, Kansas, for Plaintiff - Appellee.

---

Before **HARTZ**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Cody M. Justice pleaded guilty in the United States District Court for the District of Kansas to possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). In calculating Defendant's offense level under the sentencing guidelines, the district court applied a four-level enhancement under USSG § 2K2.1(b)(4) for possession of a weapon with an obliterated serial number and another four-level enhancement under USSG § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. It then imposed a sentence of 108 months' imprisonment.

On appeal Defendant contends that the district court improperly applied the § 2K2.1(b)(4) enhancement because the serial number to his gun was restored with chemicals and therefore was not obliterated; that the evidence was insufficient to support the § 2K2.1(b)(6) enhancement; and that the court applied the § 2K2.1(b)(6) enhancement without making the factual finding that a firearm facilitated his drug possession. We have jurisdiction under 28 U.S.C. § 1291 and affirm. We hold that *obliterate* in the context of § 2K2.1(b)(4) means to make indecipherable or imperceptible, not necessarily irretrievable; that the evidence sufficed to show that a firearm facilitated Defendant's possession of drugs by emboldening him; and that the court's failure to make a specific facilitation finding was not plain error.

I.      BACKGROUND

A resident of Kansas City, Kansas, called the police in the early morning of February 9, 2011, because an unfamiliar truck was parked in the resident's driveway with the engine running. The officers who responded found Defendant asleep in the driver's seat. They saw a rifle on the front passenger seat and a pistol on the seat next to Defendant's right leg. The officers attempted to remove Defendant from the vehicle but he resisted, and a struggle ensued. When the officers eventually arrested him, they found a small bag of methamphetamine in his right front pants pocket.

Both firearms were loaded, and the truck was a stolen vehicle. The serial number on the pistol was illegible, appearing to have been ground down with sandpaper or a tool; but a crime laboratory restored it by smoothing the metal surface and applying acid and water. Because Defendant had a prior felony conviction for robbery, he was indicted for being a felon in possession of a firearm. He pleaded guilty.

Defendant's presentence report (PSR) set the base offense level at 22 and applied a four-level enhancement under USSG § 2K2.1(b)(4) because his pistol had an obliterated serial number. It added another four levels under § 2K2.1(b)(6) because Defendant possessed the firearms in connection with other felony offenses (possession of methamphetamine and possession of a stolen truck). The PSR recommended a three-level reduction for acceptance of responsibility, leading to a total offense level of 27. The offense level and

Defendant's criminal-history category of III yielded an advisory guidelines range of 87 to 108 months' imprisonment.

Defendant filed a memorandum objecting to the PSR. It complained that the § 2K2.1(b)(4) enhancement was inappropriate because the crime lab was able to make the serial number visible and that the § 2K2.1(b)(6) enhancement was inappropriate because there was no evidence that Defendant knew the truck was stolen or that there was a connection between the weapons and the drug possession.

The district court overruled the objections. It interpreted § 2K2.1(b)(4) to mean that "if the serial number is unidentifiable to the naked eye and can only be restored through laboratory techniques, then that's obliterated . . . ." R., Vol. 2 pt. 2 at 55. And it ruled that § 2K2.1(b)(6) was satisfied because "[D]efendant possessed a firearm in connection with possession of methamphetamine. And the gun was in such close proximity to the methamphetamine that the enhancement is warranted." *Id.* at 45. The court then sentenced Defendant to 108 months' imprisonment and three years' supervised release.

Defendant raises three issues on appeal: (1) that the district court misinterpreted the meaning of *obliterated*; (2) that the evidence was insufficient to support a finding that Defendant's possession of a firearm facilitated the drug offense, a prerequisite for a finding that the firearm was possessed "in connection

with a felony offense"; and (3) that the district court failed to make a specific factual finding of facilitation.

## II. DISCUSSION

### A. Obliterated Serial Number

The sentencing guideline for possession of a firearm provides for a four-level increase in the offense level if the firearm "had an altered or obliterated serial number." USSG § 2K2.1(b)(4). When officers seized Defendant's pistol, they were unable to read the serial number. They sent it to a laboratory, however, where the number was restored through a chemical process. Defendant argues that the serial number was not obliterated because it was eventually recovered. He relies on a dictionary definition of *obliterate* as "eliminate completely so as to leave no trace." Webster's New Riverside University Dictionary 811 (1994). He also contends that this definition is supported by the explanation for the 2006 amendment increasing the § 2K2.1(b)(4) enhancement from two levels to four—to "reflect[] both the difficulty in tracing firearms with altered or obliterated serial numbers, and the increased market for these types of weapons," U.S. Sentencing Guidelines Manual app. C vol. III 177, amend. 691 (2011)—which, he says, suggests that an obliterated serial number must be very difficult, if not impossible, to recover.

Reviewing de novo the district court's interpretation of the guidelines, *see United States v. Mollner*, 643 F.3d 713, 714 (10th Cir. 2011), we affirm.

-5-

Defendant's proffered definition is not the only meaning of *obliterate*. Another is "to make *undecipherable or imperceptible* by obscuring, covering, or wearing or chipping away." Webster's Third New International Dictionary 1557 (2002) (emphasis added). In our view this definition provides the more likely meaning of the guideline. The sentencing guidelines are to govern the practical world, not the world of metaphysical certainty. What matters is what is "perceptible," not what can be discerned by sophisticated scientific techniques. Recall that the § 2K2.1(b)(4) enhancement applies not only to a firearm with an "obliterated" serial number but also to one with an "altered" number. The word *altered* does not ordinarily connote a change that destroys all evidence of the original form. We doubt that any court would say that a serial number had not been altered because a laboratory could elicit the original number. *Cf. United States v. Carter*, 421 F.3d 909, 912–13 (9th Cir. 2005) (analyzing meaning of *altered* in § 2K2.1(b)(4)). Yet it would be nonsensical to say that § 2K2.1(b)(4) applies if the original number can be detected by scientific methods after an alteration but not after an attempted obliteration.

Moreover, the purpose of the guideline enhancement is best served by our construction of the word *obliterated*. The obvious purpose is "to discourage the use of untraceable weaponry." *Id.* at 914 (brackets and internal quotation marks omitted); *accord United States v. Perez*, 585 F.3d 880, 885 (5th Cir. 2009). And "if . . . a defendant cannot visually distinguish . . . a would-be untraceable firearm

-6-

from one that is in fact untraceable, it makes little sense for him to be punished in the latter circumstance but to escape punishment in the former." *Carter*, 421 F.3d at 915.

We therefore conclude that the district court properly applied the enhancement.

**B.      Sufficiency of the Evidence for § 2K2.1(b)(6)(B) Enhancement**

Defendant's offense level was also enhanced under § 2K2.1(b)(6)(B) because he possessed a firearm "in connection with another felony offense." The district court found that his firearm possession was in connection with his possession of methamphetamine. The application note to § 2K2.1 defines *in connection with* to mean that "the firearm . . . facilitated, or had the potential of facilitating, another felony offense[.]" USSG § 2K2.1 cmt. n.14(A). If Defendant had been guilty of a drug-trafficking offense, the enhancement would apply if a firearm had been found "in close proximity to drugs," *id.* cmt. n.14(B), "because the presence of the firearm has the potential of facilitating another felony offense." *Id.* But there is no dispute that Defendant's possession-of-methamphetamine offense was not a drug-trafficking offense.

Defendant contends that there was insufficient evidence before the district court to show that his firearm possession facilitated his drug offense. We review the district court's finding for clear error. *See Mollner*, 643 F.3d at 714. The finding here was not clearly erroneous.

We agree with several other circuits that have held that possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense. *See United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009); *United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008); *United States v. Bullock*, 526 F.3d 312, 318 (6th Cir. 2008). *See also United States v. West*, 643 F.3d 102, 116 (3d Cir. 2011) (apparently recognizing emboldenment theory but holding that facts of case did not support it); *United States v. Jeffries*, 587 F.3d 690, 695 (5th Cir. 2009) (same).

With that understanding of *facilitate*, we believe that it would not be clear error to find on the facts before the district court that Defendant's possession of the two firearms "facilitated, or had the potential of facilitating," his possession of the methamphetamine. USSG § 2K2.1 cmt. n.14(A). Defendant was carrying methamphetamine on his person. The firearms were within easy reach, and they were loaded. A reasonable person could find that the firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force.

Other courts agree. For example, in *Fuentes Torres* the defendant, who was arrested for driving while intoxicated, had a gun in his car's center console and two grams of cocaine in a nearby cup holder. *See* 529 F.3d at 825–26. The district court imposed the enhancement. It explained:

-8-

> I think if I go and buy a gun because I'm concerned about my safety but I'm also either dealing or using drugs, it may very well be that I'm using that gun for dual purposes. It's there if I got problems with somebody threatening any member of my family, but I'm also protecting my drugs which are in the car.

*Id.* at 826. The Eighth Circuit affirmed, stating, "When a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." *Id.* at 827 (brackets and internal quotation marks omitted). *See also United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010) (vial of PCP in defendant's pocket and loaded gun between driver's seat and center console; "[i]f the district court does find that the possession of a firearm facilitated or had the potential to facilitate a drug possession it will rarely be clearly erroneous." (internal quotation marks omitted)).

Similarly, in *Jenkins* police officers, who had responded to a report that a man had been firing a weapon downtown, restrained the defendant on the ground. They found a loaded revolver between his stomach and the ground and later found cocaine base between his fingers. *See* 566 F.3d at 161. The Fourth Circuit affirmed the § 2K2.1(b)(6) enhancement. *See id.* at 164. It reasoned that although "the requirement [of facilitation] is not satisfied if the firearm was present due to mere accident or coincidence," *id.* at 163 (internal quotation marks omitted), other evidence supported the finding of facilitation:

> [The defendant] took the revolver and cocaine onto a public street, near where a gun had recently been fired, close to midnight. This environment suggests that there was a heightened need for protection and that the firearm emboldened [him]. In addition, [he] possessed the revolver on his person and it was loaded, with one round in the chamber. Thus, it was accessible and ready for use, which further suggests that it was present for protection or to embolden [the defendant].

*Id.* at 164 (citation and internal quotation marks omitted).

To be sure, emboldenment is not always present when firearms are near drugs. In *Jeffries* the defendant took a gun from another man after a violent altercation, got into his car, picked up his girlfriend, and almost immediately thereafter was stopped by police and arrested. *See* 587 F.3d at 691. They found the gun on the driver's seat and a rock of cocaine on the floor behind the seat. *See id.* Although stating that a potential for facilitation would "usually be found" when drugs and weapons are both involved in a drug-possession case, *id.* at 694 (internal quotation marks omitted), the court ruled that even if the cocaine belonged to the defendant, the evidence was insufficient to establish that the gun emboldened him, *see id.* at 695. That decision is consistent with our decision here because the evidence in that case showed that the acquisition of the gun was subsequent to and unrelated to the drug possession. *See also West*, 643 F.3d at 115–16 (rejecting application of emboldenment theory when marijuana found in glove compartment and revolver found in backpack in trunk of defendant's car); *United States v. Smith*, 535 F.3d 883, 886 (8th Cir. 2008) (emboldenment theory

not applicable because defendant did not venture from home into public with the drugs or firearms).

But when the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer that the proximity of the weapon to the drugs is not coincidental and that the firearm "facilitated, or had the potential of facilitating," the drug offense by emboldening the possessor. That being the factual setting here, the district court's finding was not clearly erroneous.

## C. Specific Finding of Facilitation

Defendant contends that even if there was sufficient evidence of facilitation to satisfy § 2K2.1(b)(6)(B), we must set aside the enhancement because the district court failed to make a specific finding that the firearms in the truck facilitated his possession of methamphetamine. Because Defendant failed to raise the issue in district court, we review only for plain error. *See United States* v. *Mendoza-Lopez*, 669 F.3d 1148, 1150–1151 (10th Cir. 2012). We reverse for plain error only "when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1151 (internal quotation marks omitted). "The defendant has the burden of establishing all four elements of plain error." *United States v. Hall*, 625 F.3d 673, 684 (10th Cir. 2010). Defendant has failed to establish both the second and third prongs.

-11-

Even if the district court committed error, the error was not plain.  "An error is plain if it is clear or obvious under current, well-settled law.  In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue."  *United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir. 2011) (citation and internal quotation marks omitted).  Defendant offers that a few circuits require the district court to make a specific finding of facilitation before enhancing the defendant's offense level under § 2K2.1(b)(6)(B).  *See West*, 643 F.3d at 115 ("[T]he District Court was required to make a specific finding that the gun at issue facilitated or had the potential to facilitate the possession offense."); *Jeffries*, 587 F.3d at 694 (same); *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009) (same).  But he is unable to point to any authority from this court or the Supreme Court to support this proposition, and we know of none.

Moreover, even if Defendant carried his burden on the second prong, his challenge fails under the third prong, which establishes that "we reverse only when there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."  *United States v. Hoskins*, 654 F.3d 1086, 1099 (10th Cir. 2011) (citation, ellipses, and internal quotation marks omitted).  In our view, the probability of a different result is too slim to justify reversal and remand.

## III. CONCLUSION

We AFFIRM Defendant's sentence.