**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4945**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

LEVERN TAMORYO WOODS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:12-cr-00572-RBH-1)

Submitted:  November 18, 2014      Decided:  December 17, 2014

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levern Tamoryo Woods pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). At sentencing, the district judge applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. On appeal, Woods challenges the application of this enhancement. We affirm.

I.

On December 17, 2011, police officers went to a bar in Myrtle Beach, South Carolina, acting on a tip that a customer had a firearm. When officers arrived, Appellant–Defendant Levern Woods and a friend were exiting the bar. Woods--who had been convicted of two felony offenses--fit the description of the reported individual. Therefore, the police searched Woods and found a loaded 9 mm Beretta in the waistband of Woods's pants. Officers also found 1.75 grams of crack cocaine and 2 grams of powder cocaine in the cuff of Woods's pants leg.

In July 2012, a grand jury returned an indictment. A year later, Woods pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In December 2013, the United States Probation Office filed Woods's presentence investigation report (PSR) with the district court. Woods's sole objection was to Paragraph 38 of the PSR,

2

which increased Woods's offense level by four points under U.S.S.G. § 2K2.1(b)(6)(B) because "the defendant used or possessed [a] firearm or ammunition in connection with another felony offense, namely Possession With Intent to Distribute Crack Cocaine and Possession With Intent to Distribute Cocaine." J.A. 87. Woods argued that the enhancement should not apply because "[t]he government cannot show that the gun was possessed in connection with another felony" offense. J.A. 95.

The district judge overruled Woods's objection and applied the enhancement, reasoning that the loaded firearm "certainly facilitated or had the potential of facilitating another felony offense" based on both the firearm and cocaine being in Woods's pants while Woods was in public at a bar. J.A. 45. Woods appeals this determination.

## II.

When a district court makes factual findings in support of applying the "in-furtherance" enhancement under U.S.S.G. § 2K2.1(b)(6)(B), we review for clear error. United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007).

## III.

Section 2K2.1(b)(6)(B) provides for a four-level increase to a defendant's offense level if a judge finds by a

3

preponderance of the evidence that the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense."[1] The enhancement's purpose is "to punish more severely a defendant who 'commits a separate felony offense that is rendered more dangerous by the presence of a firearm.'" United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (quoting United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003)). The Guidelines Commentary clarifies that the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."[2] U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(A). Facilitation is established if "the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." Jenkins, 566 F.3d at 162 (brackets, citations, and internal quotation marks omitted). Facilitation is not shown, however, "if the firearm

---

[1] The parties do not dispute that the "other" offense at issue--possession of cocaine with intent to distribute--is a qualifying felony.

[2] The Guidelines Commentary also says that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(B). Although this case arguably presents such a context, the district judge did not rely on this application note, and we need not decide whether it applies here.

4

was present due to mere 'accident or coincidence.'" Id. at 163 (quoting Blount, 337 F.3d at 411).

The primary dispute between the parties is whether our decision in United States v. Jenkins controls. In that case, a bystander reported to law enforcement around midnight that a person had been firing a weapon in downtown Charleston, South Carolina. Id. at 161. When police arrived to the scene, they found the defendant, who matched the reported description of the person with the weapon. Id. Officers found a loaded revolver and 0.29 grams of crack cocaine on the person. Id. On appeal, the Court reasoned that there was no clear error in applying a four-level enhancement under § 2K2.1(b)(6)(B) because the loaded revolver was "accessible and ready for use," which suggested that it was "present for protection or to embolden" the defendant. Id. at 164 (quoting United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000)).

The court in Jenkins also reasoned that the environment provided a "heightened need for protection" because the defendant possessed cocaine on a public street at night, "near where a gun had recently been fired." Id. Woods attempts to use this reasoning to distinguish Jenkins. He argues that it was clear error for the district court to conclude that his possession of the handgun facilitated or had the potential to facilitate his possession of cocaine based on mere proximity of

5

the contraband because there were no facts suggesting that Woods or anyone else had recently fired a gun.

Woods's argument requires an unduly narrow reading of our decision in Jenkins. We have repeatedly held, as have our sister circuits, that possessing a firearm may give a sense of security that emboldens a person to venture from his or her home with valued drugs that another person might want to steal. E.g., United States v. Justice, 679 F.3d 1251, 1255 (10th Cir. 2012) (collecting cases from the Third, Fourth, Fifth, Sixth, and Eighth Circuits). Thus, it was reasonable to conclude that the simultaneous possession of cocaine and a loaded handgun in public during a night of drinking was not a mere accident or coincidence, but instead provides a sufficient evidentiary basis to apply § 2K2.1(b)(6)(B). See United States v. Maddox, 440 F. App'x 219, 220 (4th Cir. 2011) (per curiam) (affirming application of the enhancement when a firearm and crack cocaine were found at the defendant's feet on his vehicle's floorboard).

Accordingly, Woods's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED