**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS ANTHONY TOBANCHE,

Defendant-Appellant.

No. 15-2111
(D. N.M.)
(D.C. No. 1:13-CR-02642-JB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MATHESON**, Circuit Judges.[**]

---

Luis Anthony Tobanche pleaded guilty in 2014 to being a felon in possession of a firearm and agreed to removal from the United States. At sentencing, Tobanche challenged the district court's application of a four-level enhancement under section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines for using or possessing a firearm in connection with another felony.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Per the court's March 10, 2016, Order, this case was submitted on the briefs.

He argued there was insufficient evidence to tie him to any felony, and so the enhancement could not be applied.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's sentence. The evidence plainly showed Tobanche had access to and control of a car containing a firearm and methamphetamine.

## I. Background

Tobanche drove himself and two others to the Sandia Casino in Albuquerque, New Mexico. Upon arrival, the three rummaged through the car for sixteen minutes, and then began walking toward the casino elevators. At that time, another car pulled into a spot nearby. Tobanche was walking toward the second vehicle when someone inside the car shot Tobanche in the neck. Tobanche ran to the elevators, pulled out a handgun, and pointed it at the second vehicle. The vehicle sped off and the three men went into the casino elevator. Casino surveillance showed Tobanche holding a silver handgun in his right hand, which he then passed to one of his companions. Police were dispatched to the casino and Tobanche was transported to a hospital.

The police eventually retrieved the handgun from Tobanche's companion. Forensic examination showed that the gun's trigger had been pulled, but that the gun had failed to fire. The police then searched the car Tobanche had driven and found a black glove in the open speaker cone of a large speaker that took up most of the vehicle's back seat. The glove contained a plastic bag with 105 grams of

-2-

pure methamphetamine. The search also uncovered a shotgun under the car's hood, as well as a pistol in the trunk. An examination revealed Tobanche's palm print on the shotgun. Tobanche was then arrested for being a felon in possession of a firearm.

Although originally charged with both being a felon in possession and illegal reentry after deportation, the government dropped the latter charge after Tobanche agreed to plead guilty to the firearm charge. In the Presentence Report, "(PSR)" the United States Probation Office suggested a four-level enhancement because Tobanche possessed a firearm in connection with another felony. Tobanche objected to the enhancement, arguing there was no evidence that any criminal activity was taking place, and that even if a crime was occurring, there was no evidence that Tobanche was involved.

The government responded that (1) as the driver, Tobanche, was aware of the contents of the vehicle, (2) Tobanche was seen rummaging through the trunk of the car, and (3) there was sufficient evidence that the large amount of drugs—105 grams of methamphetamine—constituted a per se trafficking amount.

The district court overruled Tobanche's objection, holding that the evidence supported a finding that Tobanche had committed a drug distribution felony under federal law, as well as felony drug possession under New Mexico law. The court applied the enhancement and sentenced Tobanche to 100 months' imprisonment, a low-end sentence under the appropriate Guidelines range.

# II. Analysis

## A. Standard of Review

We review the procedural reasonableness of a sentence imposed by the district court for abuse of discretion. *See United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011). We review the district court's legal conclusions de novo and its factual findings for clear error. *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). In addition, we view the evidence in the light most favorable to the district court's determinations. *See United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001). "An error of law is per se an abuse of discretion." *United States v. Lopez-Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011).

## B. Sentencing Guidelines § 2K2.1(b)(6)(B)

The Guidelines provide a four-level enhancement if the defendant possessed or used a firearm "in connection with another felony offense." USSG § 2K2.1(b)(6)(B). Notes to the Guidelines state the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . ." *Id.*, cmt. 14(B)(ii). For all other felony offenses, the enhancement applies only if the firearm "facilitated or had the potential of facilitating" the offense. *Id.*, cmt. 14(A). For the enhancement to apply, the government must prove the above factors by a preponderance of the evidence. *See United States v. Gomez-Arrellano*, 5 F.3d 464, 466 (10th Cir. 1993).

### C. *The District Court Properly Applied the Enhancement*

The district court found the enhancement could be applied because Tobanche possessed the firearm in connection with at least two other felonies: (1) possession with intent to distribute a controlled substance, *see* 21 U.S.C. § 841(a); and (2) felony possession of methamphetamine, *see* NMSA § 30-31-23E.

#### 1. *Possession with Intent to Distribute*

Possession with intent to distribute more than fifty grams of methamphetamine is a federal felony. *See* 21 U.S.C. § 841(a), (b)(1)(A)(viii). The district court found the evidence supported a finding that Tobanche had been involved with the commission of this felony for several reasons: the quantity of the drugs found, Tobanche drove the car in which the drugs were found, the drugs were easily accessible to Tobanche, surveillance video showed Tobanche rummaging through the car for over fifteen minutes, and multiple weapons were found in the car. In addition, the district court found the firearm had the potential to facilitate the commission of a drug felony because Tobanche carried the handgun—loaded and ready to use—in public while also in the possession of a large amount of drugs.

We agree that the evidence supported each of these findings, and that they prove by a preponderance that Tobanche possessed a firearm in connection with another felony. Our decision in *United States v. Gambino-Zavala*, 539 F.3d 1221

(10th Cir. 2008), is instructive. There, police searched an apartment and discovered multiple guns in different rooms and a large amount of heroin in the kitchen. Although the defendant shared the apartment with others, we upheld the application of the four-level enhancement because the "amount of drugs the police recovered was substantial and the drugs were located in an area of the apartment that a joint occupant would regularly access." *Id.* at 1230. This supported a finding that the defendant had committed a felony—possession with intent to distribute a controlled substance. Possession of the drugs could be inferred because the defendant had access to all the areas of the apartment. In addition, intent to distribute could be found, in part, because the amount of drugs found was too large for personal consumption.

The facts here are substantially similar. Tobanche drove a vehicle in which a large amount of methamphetamine was recovered. The drugs were found in an area of the vehicle—the back seat—that an occupant would regularly access. And Tobanche rummaged through the car for at least fifteen minutes while the drugs were in the back seat, so he almost surely knew of their existence and location. Other evidence further supports the application of the enhancement here. Tobanche had been involved with other drug felonies in the past. *See United States v. Paneto*, 661 F.3d 709, 716 (1st Cir. 2011) (upholding application of the enhancement, in part, because defendant had prior felony drug conviction).

Tobanche argues that he possessed the gun for personal protection, not to facilitate drug offenses. But we agree with the district court and other circuits that motivations for possessing a firearm need not be mutually exclusive; Tobanche could have possessed the gun both to protect himself and to facilitate the commission of felonies. *See United States v. Hardin*, 248 F.3d 489, 498 (6th Cir. 2001); *see also United States v. Fuentes Torres*, 529 F.3d 825, 826 (8th Cir. 2008). Taken together, the evidence in the PSR proved by a preponderance that Tobanche had possessed a firearm in connection with a violation of § 841.

Finally, the evidence also supported a finding that the firearm had the potential to facilitate commission of the felony. We have held that possession of a firearm may facilitate an offense "by emboldening the possessor to commit the offense." *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012). The *Justice* decision is highly instructive. There, the defendant's firearms were within easy reach, and he had methamphetamine on his person. We found that "[a] reasonable person could find that the firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force." *Id.* Tobanche's firearm was on his person and the drugs were within easy reach in the back seat. In addition, we agree with the district court that a loaded gun—as opposed to an empty one—further supports a finding that possession of a firearm "emboldened" a defendant to commit an offense.

In short, all elements of the enhancement were supported by a preponderance of the evidence, and the district court did not err in applying it to Tobanche's sentence.

### 2. Felony Possession of Methamphetamine

Our finding with respect to possession with intent to distribute alone supports affirming the district court. Nonetheless, we address the court's other rationale for applying the enhancement: felony possession of methamphetamine under New Mexico law. Having already found that possession of the firearm had the potential to facilitate an offense, we analyze only whether the evidence supported a finding that Tobanche committed this state felony.

New Mexico law makes possession of any amount of methamphetamine a felony. *See* NMSA § 30-31-23E. Three elements must be established to prove a violation: (1) the defendant must possess methamphetamine, (2) the defendant must know he possesses methamphetamine, and (3) the possession must occur in New Mexico. *See* New Mexico Rules Ann., Uniform Jury Instruction 14-3102. Our findings above largely control here.

We have already determined that Tobanche, by driving a vehicle containing drugs within easy reach, possessed the methamphetamine. *See supra*; *Gambino-Zavala*, 539 F.3d at 1230. The evidence supports a finding that Tobanche knew the drugs were methamphetamine because, among other reasons, he rummaged

through the car—including the back seat—for over fifteen minutes, and had been convicted of drug offenses in the past.

Thus, the evidence supported a finding that Tobanche possessed a firearm in connection with the commission of a felony under New Mexico law.

## III.  Conclusion

We AFFIRM the district court's application of the four-level enhancement.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge