FILED
United States Court of Appeals
Tenth Circuit

March 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

STEVE EARL PERRY, JR.,

     Defendant - Appellant.

No. 17-7036
(D.C. No. 6:16-CR-00095-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Steve Perry appeals his four-level sentencing enhancement under U.S.S.G.
§ 2K2.1(b)(6)(B). We affirm.

This appeal arises out of a car chase through a residential neighborhood in
Okmulgee, Oklahoma. The chase began when Perry and Michael Snyder—a district
attorney investigator—passed each other while driving in opposite directions on the
same street. Snyder recognized Perry from prior encounters with law enforcement
and saw that Perry's front-seat passenger—Jeremiah Williams—wasn't wearing a

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment isn't binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R.
32.1.

seatbelt. Snyder made a U-turn and activated his car's lights and siren. Perry drove away, speeding upwards of 50 miles per hour. Perry eventually stopped, and he and Williams fled on foot in opposite directions.

Snyder pursued Perry on foot. After running into the woods, Perry tripped and fell to the ground. Snyder told Perry to put his hands up. Perry raised his left hand in the air but reached his right hand into his waistband. Snyder demanded again that Perry place both hands in the air. This time, Perry fully complied and Snyder took him into custody. As Perry stood up, a loaded "Glock pistol fell from his pants." R. vol. 2, 39.

The government charged Perry with one count of being a felon in possession of a firearm and ammunition. Perry pleaded guilty. Prior to sentencing, the United States Probation Office recommend a four-point offense-level enhancement under § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony—specifically, endangering others while eluding a police officer in violation of Oklahoma law. *See* Okla. Stat. tit. 21, § 540A(B). Perry objected to the enhancement, arguing there was insufficient evidence to support it.[1] The district court then conducted a sentencing hearing and took testimony from Snyder and Williams. It ultimately overruled Perry's objection and applied the four-level enhancement. Perry appeals.

---

[1] Perry also argued that the four-level enhancement only applies to felony offenses and the crime of eluding could be a misdemeanor offense under Oklahoma law. He expressly waives that argument on appeal.

When a district court applies a sentencing enhancement, we review its factual findings for clear error. *United States v. Brown*, 314 F.3d 1216, 1222 (10th Cir. 2003). In doing so, "[w]e view the evidence and inferences therefrom in the light most favorable to the district court's determination." *Id.*

A four-level enhancement is appropriate if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." § 2K2.1(b)(6)(B). The Guidelines' commentary clarifies that § 2K2.1(b)(6)(B) applies if the firearm or ammunition "facilitated, or had the potential of facilitating" another felony offense. *Id.* at cmt. n.14(A). And it defines "another felony offense" as "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at cmt. n.14(C). Here, the district court applied the four-level enhancement because Perry possessed a firearm in connection with endangering others while eluding a police officer—a felony under Oklahoma law. *See* § 540A(B).

Perry argues that there was no evidence the firearm facilitated or had the potential of facilitating his offense for eluding. He points out that under Oklahoma law, an individual can only endanger others while eluding a police officer if he or she is driving a motor vehicle. And, he alleges, the district court applied the enhancement solely because he possessed the firearm after he exited the car. Thus, he says, the

3

district court erroneously based the enhancement on the fact that he used a firearm to facilitate a non-felonious escape.

We disagree. Section 2K2.1(b)(6)(B) doesn't require evidence that the firearm actually facilitated the other felony offense; it only requires that the firearm had the potential to facilitate the other felony offense. And although the district court didn't explicitly say that Perry possessed the firearm during the car chase, we "view the evidence and inferences therefrom in the light most favorable to the district court's determination." *Brown*, 314 F.3d at 1222; *see also United States v. McCane*, 573 F.3d 1037, 1040 (10th Cir. 2009) (declaring we "may affirm the district court on any basis supported by the record"). Because Perry possessed the firearm in the woods, we can infer that he possessed the firearm (1) when he ran from his car, and (2) during the car chase. The only alternative is that he found a loaded firearm while running away from Snyder. And if Perry possessed the firearm during the car chase, then the firearm had the potential to facilitate the felony of endangering others while eluding a police officer. *See United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (ruling that "possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense").

Next, Perry argues that even if we conclude he possessed the firearm in his car, that possession could have been coincidental and unrelated to endangering others while eluding a police officer—rendering the enhancement inapplicable. *See United States v. Gomez-Arrellano*, 5 F.3d 464, 466–67 (10th Cir. 1993) (concluding that 18

4

U.S.C. § 924(c)(1) isn't satisfied if defendant's possession of weapon "is coincidental or entirely unrelated to the [drug] offense").

Perry contends that because the district court didn't determine whether he coincidentally possessed the firearm in the car, we can't undertake that factual analysis on appeal. This argument is unavailing. Our standard of review allows us to "view the evidence and inferences therefrom in the light most favorable to the district court's determination." *Brown*, 314 F.3d at 1222; *see McCane*, 573 F.3d at 1040 (declaring we "may affirm the district court on any basis supported by the record"). And the facts of this case allow us to infer that Perry didn't coincidentally possess a loaded firearm while driving away from a police car at upwards of 50 miles per hour in a residential neighborhood. He reached for the loaded firearm—albeit after he exited the car—when he tripped in the woods. This demonstrates his willingness to use the firearm against Snyder to facilitate his escape. We can infer from this that he would have been willing to use the firearm during the car chase if the need and opportunity arose. Therefore, the firearm's presence in the car wasn't coincidental. Rather, it had the potential to facilitate the crime of endangering others while eluding a police officer.

Accordingly, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5