**[J-54-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 73 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court dated May 8, 2018 at No. 1923 |
| | : | EDA 2017, affirming the judgment of |
| v. | : | sentence of the Court of Common |
| | : | Pleas of Delaware County, Criminal |
| | : | Division dated May 9, 2017 at No. |
| SHANE C. SMITH, | : | CP-23-CR-4965-2016 |
| | : | |
| Appellant | : | ARGUED:  May 16, 2019 |


**<u>OPINION</u>**


**JUSTICE TODD**                                              **DECIDED:  November 20, 2019**

In this appeal by allowance, we consider whether the possession of a firearm with a scratched, but still legible, manufacturer's number is sufficient to sustain a conviction for possession of a firearm with an "altered" manufacturer's number in violation of 18 Pa.C.S § 6110.2.  For the reasons that follow, we reverse and remand.[1]

On June 12, 2016, Pennsylvania State Police troopers initiated a traffic stop of a vehicle driven by Appellant Shane C. Smith based on their observation that the license plate was not illuminated, a violation of the Motor Vehicle Code.  *See* 75 Pa.C.S. § 4303 (general lighting requirements).  As the troopers approached the vehicle, they observed

---

[1] On May 14, 2019, the Commonwealth filed an application to file a supplemental brief to address two additional cases it discovered during its preparation for oral argument.  In deciding this case, this Court has considered the cases highlighted by the Commonwealth in its application, and so we find further briefing unnecessary.  Accordingly, the Commonwealth's application is denied.

furtive movements by the vehicle's occupants. The troopers requested Appellant's license and registration, at which point either Appellant or his passenger opened the glovebox. When the glovebox was opened, the troopers observed a plastic vial containing marijuana. A subsequent search of the vehicle revealed a firearm, ammunition, and a clip under the driver's seat. The manufacturer's number on the firearm appeared to have been scratched, but was still legible. Appellant was arrested and charged with, *inter alia*, possession of a firearm with an altered manufacturer's number in violation of 18 Pa.C.S § 6110.2 ("No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed, or obliterated.").

At Appellant's stipulated bench trial, the Commonwealth introduced photographs of the firearm, which showed that the manufacturer's number had multiple scratch marks, but the parties did not dispute that the number was still legible.[2] Noting that "the serial number showed clear signs of intentional tampering and wearing of the serial number," and that "the area containing the serial number . . . was clearly abraded," the trial court determined that "the serial number had been, at a minimum, altered from its original state." Trial Court Opinion, 7/25/17, at 7-8. While Appellant argued that the Commonwealth's evidence was insufficient to support his conviction because the manufacturer's number was still legible, the trial court rejected his argument, emphasizing that "'obliteration' is not required to complete the offense." *Id.* at 7. Accordingly, the trial

---

[2] The original record in this case contains a copy of the photograph showing a close-up view of the manufacturer's number, which was introduced by the Commonwealth and identified as Exhibit C-4. While, in the Court's view, the manufacturer's number on the firearm is difficult to accurately discern based on the exhibit alone, as noted by Appellant, the Commonwealth conceded at trial that the number was legible despite the scratch marks. *See* Appellant's Brief at 13 (citing N.T. Trial, 2/24/17, at 9).

court convicted Appellant of, *inter alia*, violating Section 6110.2, and sentenced him to a term of three to six years incarceration for the offense.

Appellant appealed his judgment of sentence to the Superior Court, asserting that the evidence was insufficient to sustain his conviction because the manufacturer's number, though scratched, was legible to the naked eye and, thus, the Commonwealth failed to establish that the number was "altered, changed, removed, or obliterated," as required by Section 6110.2. In support of his position, Appellant relied on language from the Superior Court's decision in *Commonwealth v. (Darian) Smith*, 146 A.3d 257 (Pa. Super. 2016), wherein the defendant, charged with violating Section 6110.2, presented at trial the testimony of an expert who opined that, because the manufacturer's number on the firearm found in the defendant's possession, though abraded, was legible under magnification, the manufacturer's number was "not altered" for purposes of Section 6110.2. On appeal from his conviction, the Superior Court determined that the evidence was, in fact, sufficient to support Darian Smith's conviction:

> When considered in its entirety, the expert's testimony confirms that the manufacturer's number on the firearm had been mechanically abraded to such a degree that it was no longer legible unless magnification was employed. *The degree of degradation of the number—rendering it illegible by ordinary observation—satisfied the statutory requirement that an alteration or change to the number be apparent on the firearm.* In this respect, the expert's opinion that the number had not been "altered" because it was unnecessary to use chemical means to enhance remnants of a number ostensibly removed did not bear on the legal question of culpability under Section 6110.2, for it was not for the firearms expert to define any of the four discrete terms used in the statute.

*(Darian) Smith*, 146 A.3d at 264 (emphasis added).

In the instant case, Appellant argued to the Superior Court that, pursuant to the above language in *(Darian) Smith*, in order to sustain a conviction under Section 6110.2, the Commonwealth was required to present evidence that the manufacturer's number

was illegible to the naked eye. The Superior Court rejected Appellant's construction of *(Darian) Smith*, and affirmed his judgment of sentence in a unanimous, unpublished memorandum opinion. *Commonwealth v. (Shane) Smith*, 1923 EDA 2017 (Pa. Super. filed May 8, 2019). In doing so, the court explained:

> *[Darian] Smith* held that there was sufficient evidence to establish the number had been changed or altered, even though the expert testified it had not been "altered." *[Darian] Smith* did not require the Commonwealth to establish the number was unreadable with the naked eye to establish a violation of Section 6110.2.

*Id.* at 5.

The Superior Court then considered the meaning of the language "altered, changed, removed, or obliterated," as set forth in Section 6110.2, and observed that Merriam-Webster's Dictionary defines "alter" as "to make different without changing into something else." *Id.* at 6 (quoting https://www.merriam-webster.com/dictionary/alter).[3] The court concluded that, as the manufacturer's number on the gun was "clearly abraded" by multiple scratch marks, the evidence was sufficient to establish the number had been altered, as the number was made "different without changing [it] into something else." *Id.* (alterations original).

Appellant filed a petition for allowance of appeal, and this Court granted review to consider the following issue, as framed by Appellant:

> Can a person be convicted of possession of a firearm with altered manufacturer's number under 18 Pa.C.S.A. § 6110.2 where the evidence clearly shows that the registration number at issue is fully legible and identifiable despite some scratch marks?

*Commonwealth v. (Shane) Smith*, 199 A.3d 338 (Pa. 2018) (order).

---

[3] The Superior Court also cited, without discussion, its decision in *Commonwealth v. Ford*, 175 A.3d 985 (Pa. Super. 2017), discussed *infra*.

Before us, Appellant renews his argument that the evidence was not sufficient to support his conviction for possession of a firearm with an altered manufacturer's number because, despite having some scratches, the prosecutor conceded at trial that the manufacturer's number on the gun was legible. Appellant contends that the rationale of the Superior Court in *(Darian) Smith* makes it "abundantly clear" that no violation of Section 6110.2 occurs if the manufacturer's number, "though abraded in some manner, is fully decipherable and perceivable to the naked eye." Appellant's Brief at 12-13.

Appellant additionally highlights the underlying purpose of Section 6110.2, as articulated by the Superior Court in *Ford, supra*. In *Ford*, the Superior Court reversed the defendant's conviction under Section 6110.2 because the manufacturer's number on the gun had become illegible due to corrosion by natural causes, as opposed to an intentional act. In doing so, the court explained:

> Firearm serial numbers are an important tool because they help police officers identify the owner of weapons used in criminal offenses. To ensure that serial numbers remain intact on firearms, the legislature has prohibited persons from defacing these markings, *see* 18 Pa.C.S. § 6117(a), and from purchasing or obtaining defaced firearms, *see* 18 Pa.C.S. § 6110.2.

175 A.3d at 992.

Appellant offers that, because the manufacturer's number on the firearm found in his vehicle was fully legible, the condition of the gun did not impede law enforcement's ability to identify the weapon and, thus, he did not violate the purpose of the statute. Appellant further suggests that, if the Superior Court's broad interpretation of Section 6110.2 is permitted to stand, innocent behavior, such as accidentally dropping the gun on the ground, will be criminalized if such behavior results in scratches or scuff marks on the manufacturer's number.

In response to Appellant's arguments, the Commonwealth emphasizes that Section 6110.2 does not require the manufacturer's number to be "fully indecipherable or illegible" in order to support a conviction thereunder. Commonwealth's Brief at 15. The Commonwealth asserts that, if the legislature had intended to require the manufacturer's number be "unreadable or obliterated," it would "have included the additional requirements in the statute or would only have used the terms remove or obliterate." *Id.* at 15-16. The Commonwealth further maintains that, in the instant case, the evidence was sufficient to support Appellant's conviction for possession of a firearm with an altered manufacturer's number because, "even though the scratches did not fully remove the number," the numbers "were changed because they looked different even though they had not been changed into something else." *Id.* at 15. The Commonwealth contends that "the markings on the gun were undoubtedly made by human hand in an attempt to scratch off the number to make it unidentifiable and unable to be traced." *Id.*

Finally, and as noted *supra* note 1, the Commonwealth offers in support of its position two federal appellate court decisions, *United States v. Harris*, 720 F.3d 499 (4th Cir. 2013), and *United States v. Adams*, 305 F.3d 30 (1st Cir. 2002). In *Harris*, the circuit court held that, under the federal sentencing guidelines, for purposes of a sentence enhancement for possession of a firearm with an "altered or obliterated serial number," *see* U.S.S.G. § 2K2.1(b)(4)(B), "gouges and scratches" on the manufacturer's number that rendered it "less legible," but not illegible, constituted an alteration. 720 F.3d at 503. In *Adams*, the circuit court held that evidence of a "badly scratched," but still legible, manufacturer's number was sufficient to support the appellant's conviction under 18 U.S.C. § 922(k) for possessing a firearm which had the manufacturer's serial number "removed, obliterated, or altered,"[4] and, further, that the trial judge was not required to

---

[4] Section 922(k) provides:

instruct the jury that, in order to convict the appellant, it must find that the change was material.  305 F.3d at 33.

With the parties' arguments in mind, we note that the instant case presents an issue of statutory interpretation, which is a pure question of law.  Thus, our standard of review is *de novo,* and our scope of review is plenary.  *SEPTA v. City of Philadelphia*, 101 A.3d 79, 87 (Pa. 2014).  The overriding object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly" in enacting the statute at issue.  1 Pa.C.S. § 1921(a).  Accordingly, we are required to interpret a statute so as to give effect to all of its provisions, "if possible."  *Id.*  If statutory language is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  *Id.* § 1921(b).  Hence, when the words of a statute have a plain and unambiguous meaning, it is this meaning which is the paramount indicator of legislative intent.

However, in situations where the words of a statute "are not explicit," the legislature's intent may be determined by considering any of the factors enumerated in Section 1921(c).  *Commonwealth v. Giulian*, 141 A.3d 1262, 1278 (Pa. 2016).  These factors include: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history;

---

It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(k).

and (8) legislative and administrative interpretations of such statute.  1 Pa.C.S. § 1921(c).

Moreover, in determining legislative intent, it is presumed that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable.  *Id.* § 1922(a). Finally, we note that, under the rule of lenity, penal statutes must be strictly construed in favor of the defendant.  *Commonwealth v. Fithian*, 961 A.2d 66, 74 (Pa. 2008) (where an ambiguity exists in a penal statute, it should be interpreted in the light most favorable to the accused).

Section 6110.2 provides: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated."  18 Pa.C.S. § 6110.2(a).[5]  The Commonwealth is correct that, under this plain language, it is not necessary that the manufacturer's number be "removed" or "obliterated" in order to support a conviction.  Rather, the Commonwealth may also establish a violation of Section 6110.2 by demonstrating that the manufacturer's number has been "altered" or "changed."   There is no dispute that the manufacturer's number that appeared on Appellant's firearm was the same as the original manufacturer's number, and the Commonwealth does not suggest, nor did the lower courts conclude, that the number had been "changed."

However, the lower courts did conclude that the scratch marks on Appellant's firearm resulted in an "altered" manufacturer's number.  The Superior Court observed the term "altered" is not defined in the statute.  Indeed, only the term "firearm" is defined in Section 6110.2.  Therefore, the court considered the dictionary definition of the term, *see* 1 Pa.C.S. § 1903(a) (words of a statute shall be construed according to rules of grammar and according to their common and approved usage), noting that Merriam-Webster defines "alter" as "to make different without changing into something else."   *See*

---

[5] A violation of Section 6110.2 is a second-degree felony.  *See* 18 Pa.C.S. § 6110.2(b).

https://www.merriam-webster.com/dictionary/alter. Based on this singular definition, the court concluded that: "[t]he picture shows that the manufacturer's number was 'clearly abraded' by multiple scratch marks, Trial [Court Opinion] at 7-8, which is sufficient to establish the number was altered, as it made the number 'different without changing [it] into something else.'" (*Shane) Smith*, at 6.

Although the Superior Court relied on a particular definition of the term "alter" suggesting that something can be made "different" without "changing [it] into something else," a number of other sources provide definitions that are in tension with the one utilized by the Superior Court. For example, the American Heritage Dictionary defines "alter" as "[t]o change or make different." The American Heritage Dictionary at 99 (2nd ed. 1982). The New Shorter Oxford English Dictionary defines "alter" as to "[m]ake otherwise or different in some respect; change in characteristics, position, etc." The New Shorter Oxford English Dictionary at 60 (1993). Finally, Random House Webster's Unabridged Dictionary defines "alter" as "to make different in some particular, as size, style, course, or the like . . . to change." Random House Webster's Unabridged Dictionary at 60 (2nd ed. 1987). In our view, these definitions undercut the Superior Court's construction of the term "alter" as making something "different" *without* "changing [it] into something else."

Indeed, Merriam-Webster defines the term "change" as, *inter alia*, "to make different in some particular," https://www.merriam-webster.com/dictionary/change, and the term "different" is defined as "partly or totally unlike in nature, form, or quality," and "not the same." https://www.merriam-webster.com/dictionary/different. These definitions indicate that the terms "alter" and "change" can be viewed as, essentially, synonymous, and, indeed, Merriam-Webster identifies "change" as a synonym of the term "alter." *See* https://www.merriam-webster.com/dictionary/alter. Moreover, in the context of Section 6110.2, which pertains to an identification number, it is reasonable to question how a

number could be "made different" without actually changing it into a different number; in one natural sense, an *alteration* to a number means a *change* to the number.

Nevertheless, as there is support for both Appellant's more narrow interpretation of the term "alter" − wherein a manufacturer's number which has been scratched, but is still legible, is not "altered" because the number remains the same − and the Commonwealth's broader interpretation − wherein a manufacturer's number that remains legible, but is less clear as a result of scratches to the number, is "altered," *see Harris*, 720 F.3d at 503 (concluding that a serial number that remains legible, but has been made *less legible*, has been "altered" for purposes of the federal statute)[6] − we hold that the term "alter," as used in Section 6110.2, is capable of multiple reasonable interpretations, and, therefore, is ambiguous. *See A.S. v. Pennsylvania State Police*, 143 A.3d 896, 906 (Pa. 2016) (when a statutory term, read in context with the overall statutory framework in which it appears, has at least two reasonable interpretations, the term is ambiguous). Thus, we look to the statutory construction factors identified above to determine the proper interpretation of the term.[7]

With regard to the occasion and necessity for the statute, the mischief to be remedied, and the object to be obtained, the Superior Court in *Ford* aptly recognized that

---

[6] Like the Superior Court below, the *Harris* court adopted the definition of the word "alter" as making something "different without changing into something else," and contrasted the meaning of the term with the meaning of "obliterate."

[7] We reject Appellant's continued reliance on the language of the Superior Court's decision in *(Darian) Smith* for the proposition that, as long as the manufacturer's number is perceivable to the naked eye, no violation of Section 6110.2 occurs. Contrary to Appellant's suggestion, a careful reading of *(Darian) Smith* reveals that the Superior Court therein did not establish a *per se* rule that, in order to support a conviction under Section 6110.2, the degradation of a manufacturer's number must be such that the number is illegible with the naked eye. Rather, as observed by the Superior Court in the instant case, the court in *(Darian) Smith* merely held that the fact that the manufacturer's number could not be ascertained by the naked eye was, in that particular case, sufficient to satisfy the requirement that the number had been altered or changed.

the manufacturer's serial number on a firearm is an important tool used by police officers in identifying the owner of weapons used in criminal offenses. 175 A.3d at 992. To safeguard this important tool, the legislature prohibits individuals from altering, changing, removing, or obliterating the numbers, *see* 18 Pa.C.S. § 6117(a), and from possessing firearms which have had the manufacturer's number altered, changed, removed or obliterated, *id.* § 6110.2.

In cases such as the one *sub judice*, where a manufacturer's number on a firearm bears scratch marks, or gouges, but remains legible, the underlying object of Section 6110.2 is not frustrated or impeded. If the General Assembly's intent in enacting Section 6110.2 − a possessory offense − was to do more than insure that the manufacturer's serial number on a firearm remains legible so that police officers can identify the owners, it could have used the terms "deface," "mar," or "disfigure." Alternatively, the General Assembly could have used the term "obscure," to apply to a situation in which the manufacturer's number has been made more difficult to read, but is still legible. These considerations militate in favor of an interpretation of the term "alter" as requiring that the number be changed in some material way, or in a manner which renders the number illegible, in order to support a conviction thereunder.

Although cited by the Commonwealth, we find aspects of the decisions in *Adams* and *Harris* to support this conclusion. In *Adams*, the court explained that the purpose of 18 U.S.C. § 922(k), which prohibits an individual from possessing a firearm with a "removed, obliterated, or altered" manufacturer's serial number:

> aims to punish one who possesses a firearm whose principal means of tracing origin and transfers in ownership−its serial number−has been deleted *or made appreciably more difficult to make out.* Considering the evident purpose, it is hard to see why anything more than a *significant impairment* should be required; nothing in language or purpose suggests that the

> alteration must make tracing impossible or extraordinarily difficult.
>
> * * *
>
> *[T]here is a kind of materiality requirement implicit in the statute*, but also one implicitly understood by jurors. This is especially so because . . . any change that makes the serial number appreciably more difficult to discern should be enough, assuming always that the defendant made the change or is otherwise aware of it.

*Adams*, 305 F.3d at 34 (emphasis added). In *Adams*, the federal agent testified that he was able to read the manufacturer's number *with difficulty*, and the court itself, after examining the firearm at oral argument, noted that at least one of the six digits could have been read as two different numbers. *Id.* at 35.

Likewise, the *Harris* court, in holding that a serial number "that is *not illegible* but is *less legible* than it would be without the gouges and scratches," 720 F.3d at 503 (emphasis original), falls within 18 U.S.C. § 922(k), relied on several decisions which involved an "alteration" that rendered the number *illegible to the naked eye. See Harris*, 720 F.3d at 503-04 (citing *United States v. Carter*, 421 F.3d 909, 910, 916 (9th Cir. 2005) ("partially defaced" serial number that was not discernable to the naked eye, but was detectable via microscopy, is "altered" for purposes of sentence enhancement, as serial number was "materially changed in a way that makes accurate information less accessible."); *United States v. Jones*, 643 F.3d 257 (8th Cir. 2011) (filed-off serial number that was invisible to the naked eye, but became visible when an acid solution was applied, was sufficiently "altered" for purposes of federal sentencing enhancement); *United States v. Justice*, 679 F.3d 1251, 1254 (10th Cir. 2012) (explaining that, while crime lab was able to detect serial number after smoothing the metal surface and applying acid and water, "sentencing guidelines are to govern the practical world, not the world of metaphysical certainty. What matters is what is 'perceptible,' not what can be discerned by sophisticated and scientific techniques.")); *but see United States v. Perez*, 585 F.3d 880,

885 (5th Cir. 2009) (relying on *Carter, supra,* in holding that serial number which "appeared to be altered and partially obliterated," but was still readable, had been "materially changed in a way that made its accurate information less accessible"). The *Harris* court recounted that the district court in that case was unable to read the manufacturer's number, and that there was no evidence in the record as to how the police ultimately discerned the manufacturer's number. 720 F.3d at 504.

As noted above, in the instant case, the Commonwealth conceded at trial that the manufacturer's number on Appellant's firearm was legible despite the scratch marks. Thus, in contrast to *Adams*, *Harris*, and the other federal cases cited above, the scratch marks did not materially change the number in a way that made its accurate information less accessible, or render the number illegible to the naked eye.

Finally, we reiterate that, under the rule of lenity, Section 6110.2, as a penal statute, must be strictly construed in favor of the Appellant. *Fithian,* 961 A.2d at 74. As the United States Supreme Court explained in *Dunn v. United States,* 442 U.S. 100 (1979), the application of the rule of lenity is "not merely a convenient maxim of statutory construction," but, rather, "is rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Id.* at 112. Here, a citizen should not have to guess whether possession of a firearm with a scratched, but still legible, manufacturer's number constitutes a second-degree felony.

For all of the above reasons, we hold that, in order to establish that a manufacturer's number was "altered" for purposes of Section 6110.2, the Commonwealth must establish that the number was changed in a material way, such as by making it look like a different number, or that it was rendered illegible, in whole or in part, to the naked eye.

As the original manufacturer's number on Appellant's firearm was, notwithstanding the scratch marks, still legible to the naked eye, we reverse the order of the Superior Court, vacate Appellant's conviction and judgment of sentence for violating Section 6110.2, and remand the matter to the Superior Court for remand to the trial court for resentencing.

Order reversed. Case remanded. Jurisdiction relinquished.

Chief Justice Saylor and Justices Baer, Donohue and Wecht join the opinion.

Justice Wecht files a concurring opinion.

Justice Mundy files a dissenting opinion.

Justice Dougherty did not participate in the consideration or decision of this case.